# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 23, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| D.B. *a minor by his parents* TIA BUCCI *and* NICHOLAS BUCCI, | * * * | UNPUBLISHED |
| Petitioners, | * * | No. 11-513V |
| v. | * * | Special Master Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Interim Attorneys' Fees and Costs; Reduction for Alcoholic Beverages. |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Lawrence R. Cohan, Anapol Weiss, Philadelphia, PA, for petitioner.
Robert P. Coleman, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On May 7, 2018, Tia Bucci and Nicholas Bucci ("petitioners") filed an application for interim attorneys' fees and costs. Petitioners' Interim Application ("Pet. Int. App.") (ECF No. 114). For the reasons discussed below, the undersigned **GRANTS** petitioners' application and awards a total of $370,057.19 in interim attorneys' fees and costs.

## I. Procedural History

On August 11, 2011, Tia Bucci and Nicholas Bucci, on behalf of their minor son, D.B., filed a claim pursuant to the National Vaccine Injury Compensation Program ("Vaccine Act" or "Vaccine Program").[2] Petitioners allege that D.B. developed Evans Syndrome as a result of a

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Hepatitis B ("Hep B") vaccine administered on March 4, 2009.  Petition (ECF No. 1).  Since the initiation of their claim, petitioners have been represented by the current counsel of record, Lawrence R. Cohan with his colleague David Carney of the law firm Anapol Weiss.  After the parties agreed that all relevant medical records had been filed, On October 31, 2011, respondent filed a Rule 4(c) report recommending against compensation.  Respondent's Report ("Resp. Rep't") (ECF No. 7).  Respondent asserted that "Evans Syndrome is an idiopathic illness with no known cause," and, as such, could not be caused by administration of the Hep B vaccine.  Id. at 9.

The parties began on a dual track.  The first track was exploring the possibility of informal resolution.  They developed a life care plan and discussed other elements of damages.  However, on June 16, 2014, they reached an impasse and requested an entitlement hearing.  See Joint Status Report (ECF No. 38).  On the second track, the parties developed their respective opinions on causation.  Petitioners retained and submitted expert reports from a neurologist, Dr. Marcel Kinsbourne; an immunologist, Dr. Vera Byers; and a hematologist-oncologist, Dr. Edwin Forman.  See Pet. Exhibits ("Exs.") 3, 7, 14.  Respondent retained and submitted responsive reports from two experts.  See Resp. Exs. A, D.

An entitlement hearing took place in Washington, DC on November 1 – 2, 2016.  See Transcript (ECF Nos. 87, 89).  Petitioner Ms. Tia Bucci offered fact testimony.  Petitioners also presented expert testimony from Dr. Byers and Dr. Forman.  Respondent presented responsive testimony from two of their experts.  Afterwards, I identified issues that needed to be further addressed by way of post-hearing briefs and supplemental expert reports.  Scheduling Order entered November 15, 2016 (ECF No. 85).  On December 16, 2016, petitioners submitted a supplemental expert report from Dr. Byers.  Pet. Ex. 27.  On January 17, 2017, respondent filed a responsive supplemental expert report.  Resp. Ex. W.

Thereafter, based on the complexity of the case and significant litigative risk on both sides, I encouraged the parties to engage in further settlement discussions.  They did so for several months in spring 2017, but were unsuccessful.  Petitioners filed their post-hearing brief on July 18, 2017 (ECF No. 106).  Respondent filed his post-hearing brief on September 22, 2017 (ECF No. 112).  The parties engaged in further brief settlement discussions in fall 2017.  Ultimately, on November 17, 2017, the parties filed a joint status report providing that settlement of the case was not feasible.  Joint Status Report (ECF No. 112).  Thus, the matter is ripe for an entitlement opinion.

On May 7, 2018, petitioners filed the present application for interim attorneys' fees and costs.  They request $272,652.00 in attorneys' fees (for Mr. Cohan, Mr. Carney, and their paralegals) and $97,448.09 in attorneys' costs (including the costs of obtaining medical records, filing the claim, retaining a life care planner for the parties' settlement discussions, retaining the three experts, and travel to the entitlement hearing).  Thus, the total interim request is for $370,100.09.  See Pet. Int. App. at 4.

On May 15, 2018, respondent filed a response to petitioner's motion.  Resp. Response (ECF No. 115).  "In this case, respondent defers to the special master to determine whether or not petitioner has met the legal standard for interim attorneys' fees and costs award, as set forth

in Avera v. Secretary of Health and Human Services, 515 F.3d 1345 (Fed. Cir. 2008)." Id. at 2. "Additionally, respondent leaves it to the discretion of the special master to determine whether the statutory requirements for an award of fees and costs have been met, particularly whether there is a reasonable basis for the claim." Id. "Respondent respectfully recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3. This matter is now ripe for review.

## II. Analysis

### A. Interim Attorneys' Fees and Costs

Section 300aa-15(e) of the Vaccine Act permits an award of reasonable attorneys' fees and costs. In addition, the Vaccine Act permits interim attorneys' fees and costs. Avera, 515 F.3d at 1352; Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372 (Fed. Cir. 2010). When a petitioner has yet to prove entitlement, the special master may grant an interim award of reasonable attorneys' fees and costs if the special master "determines that the petition was brought in good faith and there was a reasonable basis for the claim." § 300aa-15(e)(1)(B); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013). Respondent does not address whether these requirements are met. Based on my review and the lack of objection from respondent, I find that this claim was brought in good faith and on a reasonable basis.

In Shaw, the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375 (emphasis added). In Avera, the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until the condition is resolved or until an entitlement hearing has occurred. But ultimately, there are many factors bearing on the merit of an interim fee application and I evaluate each one on its own merits.

However, I find that an interim award is appropriate here. Petitioners filed their claim over six years ago. The fees and expert costs requested are well over the thresholds provided above, for good reason. Namely, the condition at issue is rare, even compared to others in the Vaccine Program. Petitioners, their counsel, and their experts have admirably developed the underlying facts, the current understanding of this condition, and the issues regarding vaccine causation. They have incurred additional fees and costs by resolving the case informally (at my urging). Ultimately, petitioners and respondent concluded that they cannot resolve the case without an opinion on entitlement, which is forthcoming. If petitioners prevail on entitlement, the case will then need to proceed through the damages phase, which may also take significant time. Because of the protracted nature of the proceedings to date, the fact that costly expert reports have been obtained, and the likelihood that the case will not be ultimately resolved in the near future, I find that it is appropriate to award interim attorneys' fees and costs at this juncture.

## B. Evaluation of Requested Attorneys' Fees and Costs

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. See Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." Hines v. Sec'y of Health & Human Servs., 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482, 483 (1991), aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. Wasson, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. Id. at 484 n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

### 1. Hourly Rates

After a detailed review, I find that the hourly rates requested are generally reasonable. Mr. Cohan, Mr. Carney and their paralegals work at the firm of Anapol Weiss, located in Philadelphia, Pennsylvania. They have been repeatedly found to be "in-forum" and therefore entitled to the forum rates I first formulated in McCulloch v. Sec'y of Health & Human Servs., No. 09-239V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[3]

The interim fee application provides that Mr. Cohan's hourly rate is $400 for work performed from 2010 – 2018. It provides that Mr. Carney's hourly rates are $275 for work performed from 2010 to September 2014 and $290 for work performed from 2015 – 2018. Lastly, it provides that Anapol Weiss should be compensated an hourly rate of $135 for paralegals' work performed from 2010 – 2017.[4] I have previously approved these rates. Rodd v.

---

[3] The McCulloch forum rate ranges have been compiled into a list and posted to the Vaccine Claims section of the United States Court of Federal Claim website. The forum hourly rate fee schedule can be accessed at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters ("OSM Hourly Rate Chart").

[4] The interim fee application does not include any billing entries by paralegals in 2018.

Sec'y of Health & Human Servs., No. 13-122V, 2016 WL 2727147 (Fed. Cl. Spec. Mstr. April 13, 2016); M.G. v. Sec'y of Health & Human Servs., No. 15-344V, 2017 WL 1228701 (Fed. Cl. Spec. Mstr. March 7, 2017).  I find no reason to depart from these decisions and will again approve the same rates.

### 2. Hours Expended

As stated above, a line-by-line evaluation of the fee application is not required and will not be performed.  See Wasson, 24 Cl. Ct. at 484.  Instead, I may rely on my experience to determine a reasonable number of hours expended.  Id.  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.  Based on a close review of the billing entries and my knowledge of the case, I find that the hours expended in the case are generally reasonable and need not be adjusted.

### 3. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  Perreira, 27 Fed. Cl. 29, 34.  In this case, petitioners request costs associated with filing the claim, obtaining medical records and several experts' written opinions and testimony supporting causation, copies, postage, and participation in the hearing in Washington, D.C.  These costs are generally well-documented and reasonable.

However, I will make one deduction.  One of the hotel bills incurred in connection with the hearing reflects a $42.90 charge for red wine.  Petitioners' Int. App. at 55.  The Vaccine Program does not reimburse for alcoholic beverages, sometimes with the reasoning that the cost is excessive and not reasonable to be compensated by the Program.  See, e.g., Schmidt v. Sec'y of Health & Human Servs., No. 11-620V, 2017 WL 3933332, *3 (Fed. Cl. Spec. Mstr. Jan. 4, 2017); Mostovoy v. Sec'y of Health & Human Servs., No. 02-10V, 2016 WL 720969, *16 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).  **This results in a deduction of $42.90 from the fee award.**

## III.   Conclusion

Accordingly, I award the following:

1) **A lump sum in the amount of $370,057.19, representing reimbursement for *interim* attorneys' fees, in the form of a check payable jointly to petitioners and their counsel, Lawrence R. Cohan of Anapol Weiss.[5]**

---

[5] This amount (together with any final award of attorneys' fees and costs when the case is resolved) is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered.  Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

      In the absence of a motion for reconsideration or a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[6]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties separately or jointly filing notice renouncing their right to seek review.