# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 26, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| TIA BUCCI *and* NICHOLAS BUCCI, | * | |
| *as parents of* D.B., *a minor*, | * | UNPUBLISHED |
| | * | |
| Petitioners, | * | No. 11-513V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Denial of Entitlement. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Lawrence R. Cohan*, Anapol Weiss, Philadelphia, PA, for petitioners.
*Robert P. Coleman III*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 25, 2019, Tia and Nicholas Bucci filed a motion for final attorneys' fees and costs. "Final Fees App." (ECF No. 125). For the reasons discussed below, I **GRANT** petitioners' motion for attorneys' fees and costs and award a total of $8,062.65.

### I.    Procedural History

On August 11, 2011, Tia Bucci and Nicholas Bucci ("petitioners"), on behalf of their minor child, D.B., filed a petition in the National Vaccine Injury Compensation Program.[2]

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Petitioners alleged that D.B. developed Evans syndrome which was caused in fact by a Hepatitis B ("Hep B") vaccination received on March 4, 2009. Subsequently, the parties participated in an entitlement hearing and completed post-hearing briefing.

On May 7, 2018, petitioners filed a motion for interim attorneys' fees and costs. Int. Fee App. (ECF No. 14). I granted the motion and issued an interim award on May 23, 2018. Int. Fee Decision (ECF No. 116). On June 12, 2018, I referred the case for a mandatory settlement conference with another special master within the Vaccine Program. Order Referring Case to ADR (ECF No. 119). The parties participated in settlement conference proceedings but were not able to reach a resolution. Those proceedings concluded. Accordingly, on October 18, 2018, the case was removed from ADR and returned to my docket. Order Removing Case from ADR (ECF No. 121).

Ultimately on March 27, 2019, I issued a decision concluding that petitioners had not established entitlement to compensation in the Vaccine Program. Therefore, their claim must be and was dismissed. Decision (ECF No. 122). Judgment on the entitlement decision was entered on April 30, 2019. Judgment (ECF No. 124).

On October 25, 2019, petitioners filed an application for final attorneys' fees and costs. Final Fee App. (ECF No. 126). Petitioners request $8,043.00 in attorneys' fees and $19.65 in costs, for a total request of $8,062.65. *Id* at 3. Tia Bucci included a signed statement pursuant to General Order Number 9. *Id.* at 18. She avers that she solely initiated the petition. *Id.* While Nicholas Bucci is a natural parent of D.B., he has not been involved in the litigation, corresponding with petitioners' counsel or expending any monies on this legal action. *Id.* Tia Bucci avers that she has not personally incurred any fees or costs related to the prosecution of this petition. *Id.*

On November 8, 2019, respondent filed a response which provides: "Respondent defers to the Special Master to determine whether the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's ("Resp") Response (ECF No. 126) at 2. Petitioners have not filed a reply. This matter is now ripe for adjudication.

II.     Analysis

   A. Availability of Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master determines that the petition was brought in good faith and there was a reasonable basis for which the petition was brought". *Id.* In this case, although petitioners were denied compensation, I find that both good faith and reasonable basis exist, as discussed previously in the decision granting the bulk of attorneys' fees and costs requested in the case on an interim basis. The remaining attorneys' fees and costs concern participating in the mandatory settlement conference and wrapping up the case after entitlement was denied. I find no reason to dispute the good faith and reasonable basis of these limited additional proceedings. Furthermore,

respondent has not raised any specific objections. Accordingly, I find that the legal standard for awarding final attorneys' fees and costs is also met.

### B. Evaluation of Requested Attorneys' Fees and Costs

As noted above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonably expended on the litigation. *Id.* at 1347-48 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n.1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008). Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

#### 1. Hourly Rates

Petitioners request that Mr. Lawrence Cohan be awarded $440.00 per hour for work performed in 2018 and $450.00 per hour for work performed in 2019. Final Fees App. at 2. Petitioners request that Mr. David J. Carney be awarded $315.00 per hour for work performed in 2018. *Id.* Finally, petitioners request $135.00 per hour for paralegal work performed in 2018 and $145.00 per hour for paralegal work performed in 2019. *Id.* These rates are consistent with what was awarded in the interim fee decision, as well as other cases regarding these individuals. I find no cause for adjustment in this case. Therefore, the requested rates will be awarded.

#### 2. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant or otherwise unnecessary. *Saxton*, 3 F.3d at 1521. A line-by-line evaluation of the invoiced hours is not required; instead I may rely on my experience to evaluate the reasonableness of the hours expended. *Wasson*, 24 Cl. Ct. at 484.

As stated above, a line-by-line evaluation of the fee application is not required and will not be performed. *See Wasson*, 24 Cl. Ct. at 484. Instead, I may rely on my experience to determine a reasonable number of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521. Here, the final fees application concerns 24.3 hours expended by Mr. Cohan, Mr. Carney, and their paralegals related to participating in the mandatory settlement conference, limited communication with the petitioners and their experts, and wrapping up the case. I find that this work is adequately documented and generally reasonable. **Accordingly, petitioners are awarded final attorneys' fees in the amount of $8,043.00.**

### 3. Attorneys' Costs

Like attorneys' fees, a request for reimbursement for costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Here, petitioners request final attorneys' costs in the amount of $19.65. Final Fees App. at 15. These costs appear to be for very limited access to PACER filings and for sending a copy of the decision denying entitlement to petitioner Tia Bucci. *Id.* These are generally reasonable and will not be adjusted. **Accordingly, petitioners are awarded final attorneys' costs in the amount of $19.65.**

## III. Conclusion

In accordance with the foregoing, petitioners' application for final attorneys' fees and costs is **GRANTED**. **Accordingly, the following is awarded:**

1) **A lump sum in the amount of $8,062.65, representing reimbursement for *final* attorneys' fees and costs, in the form of a check payable jointly to petitioners and their counsel, Lawrence R. Cohan of Anapol Weiss.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] This amount (together with the interim award) is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.* 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).